UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEHNOOR ZAIDI,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

Defendant.
____________________________________)

**COMPLAINT**

The Plaintiff, Mehnoor Zaidi ("ZAIDI"), by and through the undersigned counsel, hereby sues Life Insurance of Company of America ("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. ZAIDI was at all times relevant a plan participant under The Musculoskeletal Transplant Foundation's Long Term Disability Plan, Group Policy

LK0962650 (“LTD” Plan).[1]

3. Defendant, LINA, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINA is the insurer of benefits under the Musculoskeletal Transplant Foundation LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plan regulated by ERISA. The Policyholder is the Trustee of the Group Insurance Trust for Employers in the Services Industry, and The Musculoskeletal Transplant Foundation is a participating subscriber under the LTD Plan. ZAIDI is a participant and eligible employee under the LTD and is entitled to Long Term Disability benefits (“LTD benefits”).

5. Pursuant to the terms and conditions of LTD Plan, ZAIDI is entitled to benefits for the duration of the her disability, for so long as ZAIDI remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business and can be found within the Southern District of Florida.

**COUNT I:**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS’ FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER POLICY LK-962650**

[1] A copy of the LTD Plan is attached hereto as Exhibit “1.”

7. ZAIDI incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, ZAIDI was an employee or former employee of The Musculoskeletal Transplant Foundation and a plan participant under the LTD Plan.

9. During the course of ZAIDI's employment, ZAIDI became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while ZAIDI was covered under the LTD Plan, ZAIDI suffered a disability, which due to the privacy of same is discussed in greater detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plan, ZAIDI made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of October 4, 2013.

11. The LTD Plan defines disability to mean: The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings.

12. LINA initially approved ZAIDI's claim for LTD Benefits having found she was unable to perform the material duties of her regular occupation as a Process Technician.

13. LTD Benefits became payable on or about April 2, 2014, and were

approved and paid by LINA through May 1, 2016.

14. By way of letter dated May 17, 2016, LINA advised ZAIDI that it was terminating her claim.

15. ZAIDI properly appealed LINA's adverse termination of her claim for benefits.

16. On September 9, 2016, LINA advised ZAIDI that it was upholding its decision to terminate her claim for LTD Benefits.

17. LINA breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to ZAIDI at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as ZAIDI was disabled and unable to work and therefore entitled to benefits.

b. After ZAIDI's claim was denied in whole or in part, LINA failed to adequately describe to ZAIDI any additional material or information necessary for ZAIDI to perfect her claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of ZAIDI's disability claim and failed to provide a full and fair review of ZAIDI's claim.

18. ZAIDI believes and alleges that LINA wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which ZAIDI is presently unaware, but which may be discovered in this future litigation and which ZAIDI will immediately make LINA aware of once said acts or omissions are discovered by ZAIDI.

19. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, ZAIDI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

20. As a further direct and proximate result of this improper determination regarding ZAIDI's claims for benefits, ZAIDI, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ZAIDI is entitled to have such fees and costs paid by LINA.

21. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, ZAIDI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, MEHNOOR ZAIDI prays for relief against Life Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 28, 2017

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Cesar Gavidia*_______________
CESAR GAVIDIA, ESQUIRE
Florida Bar No.: 015263
Email: cesar@diattorney.com